UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

BANCO POPULAR NORTH AMERICA

      Plaintiff,

vs.

M/V TRIPLE PLAY (ex BAD TO THE BONE),
HER ENGINES,TACKLE, ETC., *in rem*,
CLASS ACTION OF SOUTH FLORIDA, INC.,
LA LEY CON JOHN H. RUIZ, P.A., and JOHN H.
RUIZ, ESQ., *in personam,*

      Defendants.

_____/

CIVIL ACTION

CASE NO._____

## **COMPLAINT**

Plaintiff Banco Popular North America sues the defendants M/V TRIPLE PLAY (ex

BAD TO THE BONE), Official Number 1167740, her gear and other necessities thereto

appertaining and belonging *in rem*; Class Action of South Florida, Inc. *in personam*; La Ley Con

John H. Ruiz, P.A. *in personam*; and John H. Ruiz, Esq. *in personam*  in a cause civil and

maritime to enforce a promissory note; to foreclose a first preferred ship mortgage and to obtain

a judgment for any deficiency that may exist; to enforce guaranties of the indebtedness reflected

in the promissory note; to enforce an assignment of charters, rents, profits, etc; and to foreclose

security interests in personal property.

## **PARTIES, JURISDICTION, AND VENUE**

1.     Plaintiff Banco Popular North America is a New York state-chartered bank with

branches and offices in the Southern District of Florida.

2.      Defendant Class Action of South Florida, Inc. is a Florida for-profit corporation with its principal place of business and offices in Miami-Dade County, Florida.

3.      Defendant La Ley Con John H. Ruiz, P.A. is a Florida professional association with its principal place of business and offices in Miami-Dade County, Florida.

4.      Defendant John H. Ruiz, Esq. is a resident of Miami-Dade County, Florida.

5.      Defendant M/V TRIPLE PLAY (ex BAD TO THE BONE), Official Number 1167740, her gear and other necessities thereto appertaining and belonging is a vessel afloat at Miami, Florida.

6.      This Court has jurisdiction over this action under 46 U.S.C. §31325(b) and supplemental jurisdiction under 28 U.S.C. §1367.

7.      Venue is appropriate in this Court as the vessel, with its rigging, tackle, apparel, furniture, engines and all other necessaries thereto appertaining and belonging is now afloat at Miami, Florida and within this district; Class Action of South Florida, Inc. and La Ley Con John H. Ruiz, P.A. have their principal places of business within this district; and John H. Ruiz, Esq. is a resident of the state of Florida and of this district.

## COUNT ONE – PROMISSORY NOTE

### (Class Action of South Florida, Inc. and La Ley Con John H. Ruiz, P.A.)

Banco Popular re-alleges the allegations in paragraphs 1-3 and further alleges:

8.      Class Action of South Florida, Inc. executed and delivered to Banco Popular North America a promissory note dated June 8, 2007 in the original principal amount of $320,000.00.  A copy of the note is attached as Exhibit A.

9.      The note matured on June 8, 2010.

10.     Class Action of South Florida, Inc. and Banco Popular North America executed an extension agreement dated June 8, 2010.  A copy of the extension agreement is attached as Exhibit  B.

11.     The extension agreement provided that the maturity date of the note was extended to September 8, 2010.

12.     On September 8, 2010, Class Action of South Florida, Inc. and La Ley Con John H. Ruiz, P.A. as co-obligors executed and delivered to Banco Popular North America an amended and restated promissory note that renewed and extended the June 8, 2007 promissory note.  The amended and restated promissory note, among other things, extended the maturity date to September 8, 2013.  A copy of the September 8, 2010 promissory note (in the original principal amount of $289,110.10) is attached and marked as Exhibit C.

13.     Banco Popular North America owns and holds the amended and restated promissory note.

14.     Class Action of South Florida, Inc. and La Ley Con John H. Ruiz, P.A. defaulted under the amended and restated promissory note by, among other things, failing to make the September 2011 and November 2011 payments when due, and by failing to make the full August 2011, October 2011, and  December 2011 payments when due thereunder.

15.     On November 14, 2011, undersigned counsel on behalf of Banco Popular North America notified Class Action of South Florida, Inc. and La Ley Con John H. Ruiz, P.A., as well as John H. Ruiz, Esq. personally as guarantor, of the default and of Banco Popular North America's intention to accelerate the debt, as permitted under the promissory note, and demanded full re-payment thereof.  A copy of the demand letter is attached and marked as Exhibit D.

16.     Under the amended and restated promissory note, Class Action of South Florida, Inc. and La Ley Con John H. Ruiz, P.A. owe Banco Popular North America principal of $216,120.72 plus interest, late charges, costs, and attorneys' fees.

17.     Banco Popular North America is obligated to pay its attorneys a reasonable fee for their services in this matter.

WHEREFORE, Banco Popular North America demands judgment against Class Action of South Florida, Inc. and La Ley Con John H. Ruiz, P.A. for $216,120.72 plus interest, costs, and attorneys' fees and such other and further relief as in justice it may be entitled to receive and this Court competent to grant.

### COUNT TWO – FORECLOSURE OF FIRST PREFERRED SHIP MORTGAGE
### (Class Action of South Florida and La Ley Con John H. Ruiz, P.A.)

Banco Popular North America re-alleges the allegation in paragraphs 1-3, 5, and 8-16 and further alleges:

18.     To secure the re-payment of the June 8, 2007 promissory note and all renewals or extensions thereof, Class Action of South Florida, Inc., in accordance with and pursuant to Chapter 313 of Title 46 of the United States Code, executed and delivered to Banco Popular North America a first preferred ship mortgage covering the vessel. A copy of the first preferred ship mortgage dated June 8, 2007 is attached and marked as Exhibit E.

19.     By the terms of the first preferred ship mortgage, Class Action of South Florida, Inc. "mortgage[d] to [Banco Popular North America] the whole of [the vessel] . . . together with all masts, towers, boilers, cables, engines, machinery, bowsprits, sails, rigging, auxiliary boats, anchors, chains, tackle, apparel, furniture, fittings, tools, pumps, radar and other electronics or equipment and supplies, and all fishing and other attachments and accessories, now part of [the vessel] or used in or on [the vessel] or which may become part of [the vessel] in the future,

whether or not removed from [the vessel]" to secure the payment of the June 8, 2007 promissory note and all renewals or extensions thereof.

20.     At the time that Class Action of South Florida, Inc. executed and delivered the first preferred ship mortgage to Banco Popular, and at all times thereafter, the vessel was and has been duly documented under the laws of the United States with her hailing port at Miami, Florida.

21.     The first preferred ship mortgage was duly filed with the United States Coast Guard National Vessel Documentation Center and the record of the United States Coast Guard National Vessel Documentation Center shows the name of the vessel, the names of the respective parties to the first preferred ship mortgage and their interest in the vessel mortgage, and the amount and date of maturity of the June 8, 2007 note as described above.  All other requirements of Chapter 313 of 46 U.S.C. were met or caused to be met in order to give the mortgage preferred status.

22.     The first preferred ship mortgage was duly recorded on September 5, 2007, in the Records of the United States Coast Guard National Vessel Documentation Center at Falling Waters, West Virginia.

23.     Class Action of South Florida, Inc. and La Ley Con John H. Ruiz, P.A. defaulted under the amended and restated promissory note in the manner described above.

24.     Banco Popular North America owns and holds the first preferred ship mortgage.

25.     Class Action of South Florida, Inc. holds title to the vessel.

26.     This is an action brought under 46 U.S.C. 31325(b) and Banco Popular North America asserts that it has the right for the appointment of a receiver to operate the vessel while under seizure under the provisions of 46 U.S.C. 31325(e)(i).

27.     Banco Popular North America is obligated to pay its attorneys a reasonable fee for their services in this matter.

**WHEREFORE**, Banco Popular North America respectfully requests that: (a) process in due form of law according to the course and practice of this Court in causes of admiralty and maritime jurisdiction may issue against the M/V TRIPLE PLAY, her rigging, tackle, apparel, furniture, engines, and all other necessaries thereunto appertaining and belonging, and that all persons claiming any interest in the vessel be cited to appear and answer under oath, all and singular, the matters aforesaid; (b) defendants be cited to appear and answer under oath, all and singular the matters aforesaid; (c) the Court direct the manner in which the actual notice of the commencement of this suit be given to the Master or caretaker of the M/V TRIPLE PLAY and to any person, firm or corporation which has recorded a Notice of Claim of any undischarged lien upon the vessel; (d) the First Preferred Ship's Mortgage be declared to be a valid and subsisting lien in the sum of $216,120.72 in principal plus interest, costs, and attorneys' fees and all other amounts required to be dispersed by complainant for the care and preservation of the vessel, any insurance and the cost of any additional insurance on the vessel and all other advances, expenses, attorneys' fees, costs and disbursements of complainant herein with legal interest thereon, such lien to be prior and superior to the interest, liens, or claims of any and all persons, firms or corporations whatsoever, except such persons, firms, or corporations as may hold preferred maritime liens on the vessel; (e) the M/V TRIPLE PLAY, her rigging, tackle, apparel, furniture, engines and all other necessaries thereunto appertaining and belonging be condemned and sold to pay the demands and claims aforesaid, with interest and costs and that complainant may become a purchaser at any sale of the mortgaged property; (f ) a receiver be appointed in accordance with 46 U.S.C. 31325(e)(i); (g) it be decreed that any and all persons, firms or corporations claiming

any interest in the M/V TRIPLE PLAY are forever barred and foreclosed of and from all right or equity of redemption of claim of, in or to the mortgaged vessel and every part thereof; (g) Banco Popular North America recover from defendants Class Action of South Florida, Inc. and La Ley Con John H. Ruiz, P.A the amount of any deficiency that may be due to Banco Popular North America after applying the proceeds of the sale of the mortgaged vessel to the amount of  the decree herein; and (h) such other and further relief as in justice Banco Popular North America may be entitled to receive and this Court competent to grant.

### <u>COUNT THREE – SUIT ON CORPORATE GUARANTY</u>
**(La Ley Con John H. Ruiz, P.A.)**

Banco Popular North America re-alleges the allegation in paragraphs 1-3 and 8-16 and further alleges:

28.     To induce Banco Popular North America to extend credit to Class Action of South Florida, Inc. and La Ley Con John H. Ruiz, P.A. pursuant to the amended and restated promissory note described in Count One, La Ley Con John H. Ruiz, P.A. executed and delivered to Banco Popular North America a corporate guaranty dated September 8, 2010.  A copy of the corporate guaranty is attached and marked as Exhibit F.

29.     Banco Popular North America owns and holds the corporate guaranty executed in its favor by La Ley Con John H. Ruiz, P.A.

30.     Class Action of South Florida, Inc. and La Ley Con John H. Ruiz, P.A. defaulted under the amended and restated promissory note as described above.

31.     La Ley Con John H. Ruiz, P.A. defaulted under the corporate guaranty by failing to pay to Banco Popular North America the indebtedness of  Class Action of South Florida, Inc. and La Ley Con John H. Ruiz, P.A. as agreed.

32.     Under the corporate guaranty, La Ley Con John H. Ruiz, P.A. owes Banco Popular North America the principal amount of $216,120.72 plus interest, late charges, court costs, and attorneys' fees.

33.     Banco Popular North America is obligated to pay its attorneys a reasonable fee for their services.

**WHEREFORE**, Banco Popular North America seeks a judgment against La Ley Con John H. Ruiz, P.A. on the corporate guaranty for the principal amount of $216,120.72 plus interest, late charges, costs, and attorneys' fees and such other and further relief as in justice it may be entitled to receive and this Court competent to grant.

<u>**COUNT FOUR – SUIT ON GUARANTY**</u>
**(John H. Ruiz, Esq.)**

Banco Popular North America re-alleges the allegations in paragraphs 1-4 and 8-16 and further alleges:

34.     To induce Banco Popular North America to extend credit to Class Action of South Florida, Inc., John H. Ruiz, Esq. executed and delivered to Banco Popular North America a guaranty of its indebtedness under the June 8, 2007 promissory note. The guaranty is dated June 8, 2007. A copy of the guarantee is attached and marked as Exhibit G.

35.     To induce Banco Popular North America to extend credit to Class Action of South Florida, Inc. and La Ley Con John H. Ruiz, P.A., John H. Ruiz, Esq. executed and delivered to Banco Popular North America a guaranty of their indebtedness under the amended and restated promissory note. The guaranty is dated as of September 8, 2010. A copy of the guaranty is attached and marked as Exhibit H.

36.     Banco Popular North America owns and holds the guaranty executed in its favor by John H. Ruiz, Esq. dated September 8, 2010 (as well as the preceding guaranty dated June 8, 2007).

37.     Class Action of South Florida, Inc. and La Ley Con John H. Ruiz, P.A. defaulted under the amended and restated promissory note as described above.

38.     John H. Ruiz, Esq. defaulted under the guaranty dated September 8, 2010 by failing to pay to Banco Popular North America the indebtedness of  Class Action of South Florida, Inc. and La Ley Con John H. Ruiz, P.A. as agreed.

39.     Under the guaranty, John H. Ruiz, Esq. owes Banco Popular North America the principal amount $216,120.72 plus interest, late charges, costs, and attorneys' fees.

**WHEREFORE**, Banco Popular North America respectfully requests a judgment against John H. Ruiz, Esq. on the guaranty in the principal amount of $216,120.72 plus interest, late charges, costs, and attorneys' fees and such other and further relief as in justice it may be entitled to receive and this Court competent to grant.

## COUNT FIVE – SECURITY AGREEMENT
### (Class Action of South Florida, Inc. and La Ley Con John H. Ruiz)

Banco Popular North America re-alleges the allegations in paragraphs 1-4 and 8-16 and further alleges:

40.     This is an action to enforce assignments of leases, rents and profits.

41.     To induce Banco Popular North America to extend credit to it, and to secure its indebtedness to Banco Popular North America under the June 8, 2007 promissory note, Class Action of South Florida, Inc. entered into a security agreement with Banco Popular North America, which also was dated June 8, 2007.  A copy of the security agreement is attached and marked as Exhibit I.

42.    In the security agreement, Class Action of South Florida, Inc. granted Banco
Popular North America a security interest  in the vessel; all of the business assets of Class Action
of South Florida, Inc.; all rents, charter hire, royalties, issues, profits, revenue, income, and other
benefits from the vessel and the business assets of Class Action of South Florida, Inc.; all right,
charter hire, title, and interest of Class Action of South Florida, Inc. in and to any charters now or
hereafter on or affecting the vessel, the business assets of Class Action of South Florida, Inc., or
the business premises of Class Action of South Florida, Inc., together with all security therefor
and all monies payable thereunder; all property, equipment, and fixtures affixed to the vessel; all
articles of personal property and all materials delivered to the vessel for the use and operation of
the vessel or for use in any operation being conducted thereon and owned by Class Action of
South Florida, Inc.; all contract rights, purchase orders, equipment leases, all other contract rights
associated with the vessel or the business assets of Class Action of South Florida, Inc., general
intangibles, actions and rights of action, all deposits, prepaid expenses, permits, licenses,
including all rights to insurance proceeds; all right, title, and interest of Class Action of South
Florida, Inc. in all trade names and trademarks used in connection with the vessel or the business
assets of the Class Action of South Florida, Inc.; and all proceeds, products, replacements,
additions, substitutions, renewals, and accessions of any of the foregoing.

43.    To induce Banco Popular North America to extend credit to them, and to secure
their obligations under the amended and restated promissory note, Class Action of South Florida,
Inc. and La Ley Con John H. Ruiz, P.A. entered into a security agreement modification with
Banco Popular North America dated September 8, 2010.  A copy of the security agreement
modification is attached and marked as Exhibit J.

44.     In the security agreement modification, Class Action of South Florida, Inc. and La Ley Con John H. Ruiz, P.A. (individually and collectively identified in the security agreement modification as "the Debtor") granted Banco Popular North America a security interest in the vessel; all of the business assets of Class Action of South Florida, Inc.; all rents, charter hire, royalties, issues, profits, revenue, income, and other benefits from the vessel and the business assets of Class Action of South Florida, Inc.; all right, charter hire, title, and interest of Class Action of South Florida, Inc. and/or La Ley Con John H. Ruiz P.A. in and to any charters now or hereafter on or affecting the vessel, the business assets of Class Action of South Florida, Inc., or the business premises of Class Action of South Florida, Inc., together with all security therefor and all monies payable thereunder; all property, equipment, and fixtures affixed to the vessel or the business assets of Class Action of South Florida, Inc.; all articles of personal property and all materials delivered to the vessel or the business assets of Class Action of South Florida, Inc. for the use and operation of the vessel or the business assets of Class Action of South Florida, Inc. or for use in any operation being conducted thereon and owned by Class Action of South Florida, Inc. and/or La Ley Con John H. Ruiz, P.A.; all contract rights, purchase orders, equipment leases, all other contract rights associated with the vessel or the business assets of Class Action of South Florida, Inc., general intangibles, actions and rights of action, all deposits, prepaid expenses, permits, licenses, including all rights to insurance proceeds; all right, title, and interest of Class Action of South Florida, Inc. and/or La Ley Con John H. Ruiz, P.A. in all trade names and trademarks used in connection with the vessel or the business assets of the Class Action of South Florida, Inc.; and all proceeds, products, replacements, additions, substitutions, renewals, and accessions of any of the foregoing.

45.     Class Action of South Florida, Inc. and La Ley Con John H. Ruiz, P.A. defaulted on their obligations under the amended and restated promissory note as described above.

46.     Pursuant to Chapter 679 of the Florida Statutes, Banco duly perfected its security interests by filing UCC-1 financing statements with Florida's Secured Transaction Registry and with the Clerk of the Court of Miami-Dade County, Florida. Copies of the financing statements are attached hereto as Exhibit K

47.     Banco Popular North America is obligated to pay its attorneys a reasonable fee for their services in this action.

**WHEREFORE,** Banco Popular North America respectfully requests a judgment foreclosing its security interests and, if the proceeds of sale are insufficient to pay Banco Popular North America's claim, a deficiency judgment against Class Action of South Florida, Inc. and La Ley Con John H. Ruiz, P.A. and further ordering Class Action of South Florida, Inc. and La Ley Con John H. Ruiz, P.A. to deposit all rents, charter hire, royalties, issues, profits, revenue, income and other benefits from the encumbered property into Banco Popular North America's counsel's trust account or the court registry pending an adjudication of Banco Popular North America's rights to them (any payments therefrom to be made solely to protect the vessel and to meet defendants' lawful obligations in connection with the vessel).

Dated: January 13, 2012

Respectfully Submitted,

JONES, WALKER, WAECHTER,
POITEVENT, CARRERE & DENEGRE, L.L.P.
 *Counsel for Banco Popular North America*
201 South Biscayne Boulevard, Suite 2600
Miami, FL  33131
Tel.  (305) 679-5700
Fax  (305) 679-5710

By: _____

Ben H. Harris, III, Esq.
Florida Bar No. 0049866
bharris@joneswalker.com
Stephanie Reed-Traband, Esq.
Florida Bar No. 0158471
straband@joneswalker.com
Todd M. Feldman, Esq.
Florida Bar No. 0647721
tfeldman@joneswalker.com
Scott H. Silver, Esq.
Florida Bar No. 0042297
ssilver@joneswalker.com

**PLEASE ARREST M/V TRIPLE PLAY**
**Located at Miami, Florida**

## **VERIFICATION**

BANCO POPULAR NORTH AMERICA

By: _____

Gary R. Walker
Vice President, Senior Special
Assets Officer

Date: _January 13, 2012_

STATE OF FLORIDA          )

COUNTY OF MIAMI-DADE      )

BEFORE ME, the undersigned authority personally came and appeared:

Gary R. Walker who after being duly sworn did depose and says that he is Vice President, Senior Special Assets Officer of Banco Popular North America, that he has read the foregoing complaint, and that the factual information contained therein is, to the best of his knowledge, information, and belief true and correct and based upon documents of the complainant which he has reviewed.

_____
NOTARY PUBLIC, STATE OF FLORIDA

_Leticia Rodriguez_
Print Name

Date: _January 13, 2012_

_____
Commission Number
My Commission Expires:

_____

LETICIA RODRIGUEZ
Notary Public - State of Florida
My Comm. Expires Mar 21, 2014
Commission # DD 973282